# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 6:14-CV-94<br>LEAD CASE<br><br>**JURY TRIAL DEMANDED** |
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAFELITE GROUP, INC.<br><br>Defendant. | Case No. 6:14-cv-491<br><br>Consolidated Case |
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Case No. 6:14-cv-644<br><br>Consolidated Case |
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No. 6:14-cv-646<br><br>Consolidated Case |

| | |
|---|---|
| EMG TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TEACHERS INSURANCE AND ANNUITY ASSOCIATION – COLLEGE RETIREMENT EQUITIES FUND, <br><br> Defendant. | Case No. 6:14-cv-647 <br><br> Consolidated Case |
| EMG TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TOYS "R" US-DELAWARE, INC., <br><br> Defendant. | Case No. 6:14-cv-648 <br><br> Consolidated Case |

**PLAINTIFF EMG TECHNOLOGY, LLC'S OPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff EMG Technology, LLC ("EMG") respectfully moves the Court to file an amended complaint against Defendants Amica Mutual Insurance Company ("Amica") and Safelite Group, Inc. ("Safelite") to add two patents that EMG recently asserted against Publix, Rite Aid, Toys R Us, and TIAA-CREF, i.e., U.S. Patent Nos. 6,600,497 ("the '497 Patent") and 7,194,698 ("the '698 Patent").[1] These two patents are related to the '196 Patent originally asserted against Amica and Safelite. By adding the '497 and '698 patents to the

---

[1] *See EMG Technology, LLC v. Publix Super Markets, Inc.,* Case No. 6:14-cv-00644, *EMG Technology, LLC v. TIAA-CREF, Inc.,* Case No. 6:14-cv-00647, *EMG Technology, LLC v. Rite-Aid Corporation,* Case No. 6:14-cv-00646, and *EMG Technology, LLC v. Toys R Us,* Case No. 6:14-cv-00648.

- 1 -

*Amica* and *Safelite* cases, they will have the same three patents asserted against them as those at issue in the *Publix*, *Rite-Aid*, *Toys R Us*, and *TIAA-CREF* cases, all of which were recently consolidated with Amica and Safelite. Case No. 6:14-cv-94, Dkt. No. 112. These cases also are in their infancy, i.e., the Court has not yet entered a scheduling order setting the dates in these cases.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." It is within the Court's discretion to determine whether to grant leave to amend the pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962).[2] The Court can consider a number of factors, including "the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *United States ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). Absent prejudice, or a strong showing with respect to any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997). Because none of these factors are present here, leave should be granted.

Furthermore, "outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004). Nevertheless, a court should deny requests to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, et al., *Federal Practice and*

---

[2] The liberal policy of allowing leave to amend before the deadline for amending pleadings is in stark contrast to seeking leave to amend after the deadline. When a party moves to amend after the deadline set by the scheduling order or seeks to add a new patent, the more stringent "good cause" standard of Federal Rule of Civil Procedure 16(b) applies. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

*Procedure* § 1487 (2d ed. 1990). As explained below, these amendments are neither frivolous nor legally insufficient and therefore should be allowed.

EMG filed its original complaints against Amica on February 12, 2014 and against Safelite on May 15, 2014, asserting only U.S. Patent No. 7,441,196 ("the '196 Patent"). On July 17, 2014, the Court consolidated the *Safelite* case with *Amica* for all pretrial purposes, including discovery and claim construction. Case No. 6:14-cv-94, Dkt. No. 99. On July 24, 2014, EMG Technology filed four new complaints against Publix Super Markets, Inc., Rite Aid Corporation, Teachers Insurance and Annuity Association-College Retirement Equities Fund, and Toys "R" Us-Delaware asserting the '196 Patent along with U.S. Patent No. 6,600,497 ("'497 Patent") and U.S. Patent No. 7,194,698 ("'698 Patent"). On August 25, the Court consolidated these cases with the *Amica* consolidated action for all pretrial purposes, including discovery and claim construction. Case No. 6:14-cv-94, Dkt. No. 112. Thus, adding the '497 Patent and the '698 Patent to the *Amica* and *Safelite* cases will align these cases with the recently filed cases, all of which now have been consolidated.

Leave to amend is appropriate here because, among other things, these cases all are in their infancy. The case management conference to schedule the case has not yet been scheduled and thus no deadline for amending pleadings has been set. Because the cases have not yet been scheduled, granting leave to amend would not inevitably delay trial or any other deadline.

The proposed amendments also do not prejudice Amica or Safelite. Because the '497 Patent and the '698 Patent are related to the '196 Patent already asserted against the Defendants and EMG's proposed infringement claims involve the same accused instrumentality, i.e. mobile websites, allowing the amendment would not place an entirely different set of factual questions at issue or cause unwarranted expense or delay. Importantly, Amica and Safelite have received

notice of EMG's allegation well before the discovery deadline. Therefore, they have ample opportunity to inquire about EMG's infringement contentions in a timely manner.   Finally, there is no prejudice to the Defendants because EMG could separately sue them on these patents. Combining them into a single case conserves resources and promotes judicial efficiency.

The sole basis Defendants give for opposing EMG's amendment is EMG's continued assertion of the '196 Patent following this Court's order in the *AutoZone* case.[3]  This is irrelevant to the issue of whether leave to amend the complaint to add two other patents should be given. The Court's Order in the *AutoZone* case does not apply to the two new patents as nothing in the claims of those patents references the element at issue in the Court's order.

For these reasons, the Court should grant leave to file Plaintiff's First Amended Complaint to add the '497 Patent and the '698 Patent to the consolidated lead case against Defendants Amica and Safelite.

---

[3] *See* Case No. 6:12-cv-543, Dkt. No. 303.  The Court's *AutoZone* Order addressed whether AutoZone's mobile site written in HTML5 was an "HTML format" as recited in the asserted claims of the '196 Patent.  In this case, neither of Defendants' mobile websites is written using HTML5 and neither has a "doc tag" specifying an HTML format for the mobile site.

DATED: August 29, 2014                             Respectfully Submitted,

**OF COUNSEL:**                                    By:*/s/ Charles Ainsworth*
                                                   Charles Ainsworth
Jeffer Mangels Butler & Mitchell LLP               State Bar No. 00783521
                                                   Robert Christopher Bunt
    Stanley M. Gibson               State Bar No. 00787165
    (Cal. Bar No. 162329)            PARKER, BUNT & AINSWORTH, P.C.
    *smg@jmbm.com*                   100 E. Ferguson, Suite 1114
                                                   Tyler, TX 75702
    Gregory S. Cordrey               903/531-3535
    (Cal. Bar No. 190144)            903/533-9687
    *gxc@jmbm.com*                   E-mail: charley@pbatyler.com
                                                   E-mail: rcbunt@pbatyler.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067                              ATTORNEYS FOR PLAINTIFF,
Telephone: (310) 203-8080                          EMG TECHNOLOGY, LLC
Facsimile: (310) 203-0567

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 29th day of August, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

                                               */s/ Charles Ainsworth*
                                               Charles Ainsworth

## CERTIFICATE OF CONFERENCE

    Pursuant to the Federal Rules of Civil Procedure and the Local Rules, I hereby certify that Greg Cordrey, counsel for Plaintiff EMG Technology, LLC conferred with Byron McMasters, counsel for Amica Mutual Insurance Company ("Amica") and Chad Walker, counsel for Safelite Group, Inc., ("Safelite") on August 19, 2014 to meet and confer regarding the relief requested in this motion. Counsel for Amica and Safelite are opposed to the Motion. The parties have reached an impasse requiring an order from the Court.

                                               */s/ Charles Ainsworth*
                                               Charles Ainsworth