**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 6:14-CV-94<br>LEAD CASE<br><br>**JURY TRIAL DEMANDED** |
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAFELITE GROUP, INC.<br><br>Defendant. | Case No. 6:14-cv-491<br><br>Consolidated Case |
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Case No. 6:14-cv-644<br><br>Consolidated Case |
| EMG TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No. 6:14-cv-646<br><br>Consolidated Case |

| | |
|---|---|
| EMG TECHNOLOGY, LLC, | Case No. 6:14-cv-647 |
| Plaintiff, | Consolidated Case |
| v. | |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION – COLLEGE RETIREMENT EQUITIES FUND, | |
| Defendant. | |
| EMG TECHNOLOGY, LLC, | Case No. 6:14-cv-648 |
| Plaintiff, | Consolidated Case |
| v. | |
| TOYS "R" US-DELAWARE, INC., | |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against Defendants Amica Mutual Insurance Company ("Amica"), Safelite Group, Inc. ("Safelite"), Publix Super Markets, Inc. ("Publix"), Rite Aid Corporation ("Rite Aid"), Teachers Insurance and Annuity Association – College Retirement Equities Fund ("TIAA-CREF"), and Toys "R" Us-Delaware, Inc. ("Toys "R" Us"), (collectively, "Defendants"):

**JURISDICTION AND VENUE**

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Defendants because Defendants have transacted and are transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5. EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

6. EMG is informed and believes, and on that basis alleges, that Amica is a corporation organized under the laws of the Rhode Island, with its principal place of business at 100 Amica Way, Lincoln, RI 02865. EMG is further informed and believes, and on that basis alleges, that Amica is in the business of providing insurance products and services including automobile, homeowners, marine and personal umbrella liability insurance, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including at least the following web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen, located at http://www.amica.com/ and https://m.amica.com/index.html ("Accused Instrumentalities").

7. EMG is informed and believes, and on that basis alleges, that Safelite is a corporation organized under the laws of the Delaware, with its principal place of business at

2400 Farmers Dr., Columbus, OH 43235. EMG is further informed and believes, and on that basis alleges, that Safelite is in the business of automotive glass and claims management, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including at least the following web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen, located at www.safelite.com and http://m.safelite.com/ ("Accused Instrumentalities").

8. EMG is informed and believes, and on that basis alleges, that Publix Corporation is a Florida corporation, with a principal place of business in Lakeland, Florida, and that it has conducted business in this Judicial District. EMG is further informed and believes, and on that basis alleges, that Publix derives a significant portion of its revenue from the promotion and/or sale of its products and services through its Internet web sites, including at least http://www.publix.com/ and http://www.publix.com/m/home.do ("Accused Instrumentalities").

9. EMG is informed and believes, and on that basis alleges, that Rite Aid Corporation is a Delaware corporation, with a principal place of business in Camp Hill, Pennsylvania, and that it has conducted business in this Judicial District. EMG is further informed and believes, and on that basis alleges, that Rite Aid derives a significant portion of its revenue from the promotion and/or sale of its products and services through its Internet web sites, including at least http://www.riteaid.com/ and https://m.riteaid.com/ ("Accused Instrumentalities").

10. EMG is informed and believes, and on that basis alleges, that TIAA-CREF Corporation is a Delaware corporation, with a principal place of business in New York, New York, and that it has conducted business in this Judicial District. EMG is further informed and

believes, and on that basis alleges, that TIAA-CREF derives a significant portion of its revenue from the promotion and/or sale of its products and services through its Internet web sites, including at least http://www.tiaa-cref.org/ and https://m.tiaa-cref.org/ ("Accused Instrumentalities").

11. EMG is informed and believes, and on that basis alleges, that Toys "R" Us Corporation is a Delaware corporation, with a principal place of business in Wayne, New Jersey, and that it has conducted business in this Judicial District. EMG is further informed and believes, and on that basis alleges, that Toys "R" Us derives a significant portion of its revenue from the promotion and/or sale of its products and services through its Internet web sites, including at least http://www.toysrus.com/ and https://m.toysrus.com/ ("Accused Instrumentalities").

**PATENTS**

12. United States Patent No. 6,600,497 (the "'497 Patent") entitled "Apparatus and Method to Navigate Interactive Television Using Unique Inputs with a Remote Control" was duly and legally issued on July 29, 2003. A true and correct copy of the '497 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '497 Patent, including all rights to enforce the '497 Patent and to recover for infringement. The '497 Patent is valid and in force.

13. United States Patent No. 7,194,698 (the "'698 Patent") entitled "Method to Advertise and Search on Television for Web Content Using A Simplified Interface" was duly and legally issued on March 20, 2007. A true and correct copy of the '698 Patent is attached hereto as Exhibit "B" and incorporated herein by this reference. By a series of assignments,

EMG is now the assignee of the entire right, title and interest in and to the '698 Patent, including all rights to enforce the '698 Patent and to recover for infringement. The '698 Patent is valid and in force.

14. United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" was duly and legally issued on October 21, 2008. The '196 Patent claims methods of navigating the Internet and machine readable medium to display and navigate the Internet. A true and correct copy of the '196 Patent is attached hereto as Exhibit "C" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement. The '196 Patent is valid and in force.

15. Following a reexamination of Patent No. 7,441,196, the United States Patent and Trademark Office issued an Inter Partes Reexamination Certificate, Number US 7,441,196 C1, on September 6, 2011. A true and correct copy of Inter Partes Reexamination Certificate, Number US 7,441,196 C1 is attached hereto as Exhibit "D" and incorporated herein by this reference. (United States Patent No. 7,441,196, together with *Inter Partes* Reexamination Certificate, Number US 7,441,196 C1, shall hereinafter be referred to as the "'196 Patent.").

### FIRST CLAIM FOR RELIEF
### Infringement of the '497 Patent

16. EMG refers to and incorporates herein by reference paragraphs 1-15.

17. Defendants, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to

infringe the '497 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

18.  At least since the filing of this complaint, Defendants have had actual knowledge of the '497 patent.

19.  On information and belief, Defendants have knowingly and actively induced the infringement of one or more of the '497 Patent claims by, *inter alia*, marketing and promoting the Accused Instrumentalities, knowingly and intending that such websites be used by Defendants' customers to infringe the '497 Patent.  For example, Defendants intend to induce such infringement by, among other things, promoting users to display and navigate mobile websites, including at least http://www.amica.com/ and https://m.amica.com/index.html, www.safelite.com and http://m.safelite.com/, http://www.publix.com/ and http://www.publix.com/m/home.do, http://www.riteaid.com/ and https://m.riteaid.com/, http://www.tiaa-cref.org/ and https://m.tiaa-cref.org/, http://www.toysrus.com/ and https://m.toysrus.com/, knowing that the display and navigation of Defendants' mobile websites on a user's portable device or cell phone infringes one or more claims of the '497 Patent.

20.  On information and belief, Defendants have contributed to the infringement of the '497 Patent by, *inter alia*, marketing and promoting products.  Defendants have used and promoted within the United States the Accused Instrumentalities, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendants to be especially made or especially adapted to the infringe the '497 Patent.  As a result, Defendants' accused websites have been used by their customers and users to infringe

the '497 Patent. Defendants continue to engage in acts of contributory infringement of the '497 Patent.

21. By reason of the acts of Defendants alleged herein, EMG has suffered damage in an amount to be proved at trial.

22. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## SECOND CLAIM FOR RELIEF

### Infringement of the '698 Patent

23. EMG refers to and incorporates herein by reference paragraphs 1-15.

24. Defendants, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, have in the past, do now, and continue to infringe the '698 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

25. At least since the filing of this complaint, Defendants have had actual knowledge of the '698 Patent.

26. On information and belief, Defendants have knowingly and actively induced the infringement of one or more of the '698 Patent claims by, *inter alia*, marketing and promoting the Accused Instrumentalities, knowingly and intending that such websites be used by

Defendants' customers to infringe the '698 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to display and navigate mobile websites, including at least http://www.amica.com/ and https://m.amica.com/index.html, www.safelite.com and http://m.safelite.com/, http://www.publix.com/ and http://www.publix.com/m/home.do, http://www.riteaid.com/ and https://m.riteaid.com/, http://www.tiaa-cref.org/ and https://m.tiaa-cref.org/, http://www.toysrus.com/ and https://m.toysrus.com/, knowing that the display and navigation of Defendants' mobile websites on a user's portable device or cell phone infringes one or more claims of the '698 Patent.

27. On information and belief, Defendants have contributed to the infringement of the '698 Patent by, *inter alia*, marketing and promoting products. Defendants have used and promoted within the United States the Accused Instrumentalities, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendants to be especially made or especially adapted to the infringe the '698 Patent. As a result, Defendants' accused websites have been used by their customers and users to infringe the '698 Patent. Defendants continue to engage in acts of contributory infringement of the '698 Patent.

28. By reason of the acts of Defendants alleged herein, EMG has suffered damage in an amount to be proved at trial.

29. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be

required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## THIRD CLAIM FOR RELIEF

### Infringement of the '196 Patent

30. EMG refers to and incorporates herein by reference paragraphs 1-15.

31. Defendants, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

32. At least since the filing of this complaint, Defendants have had actual knowledge of the '196 Patent.

33. On information and belief, Defendants have knowingly and actively induced the infringement of one or more of the '196 Patent claims by, *inter alia*, marketing and promoting the Accused Instrumentalities, knowingly and intending that such websites be used by Defendants' customers to infringe the '196 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to display and navigate mobile websites, including at least http://www.amica.com/ and https://m.amica.com/index.html, www.safelite.com and http://m.safelite.com/, http://www.publix.com/ and http://www.publix.com/m/home.do, http://www.riteaid.com/ and https://m.riteaid.com/, http://www.tiaa-cref.org/ and https://m.tiaa-cref.org/, http://www.toysrus.com/ and https://m.toysrus.com/, knowing that the display and navigation of Defendants' mobile

websites on a user's portable device or cell phone infringes one or more claims of the '196 Patent.

34. On information and belief, Defendants have contributed to the infringement of the '196 Patent by, *inter alia*, marketing and promoting products. Defendants have used and promoted within the United States the Accused Instrumentalities, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Defendants to be especially made or especially adapted to the infringe the '196 Patent. As a result, Defendants' accused websites have been used by their customers and users to infringe the '196 Patent. Defendants continue to engage in acts of contributory infringement of the '196 Patent.

35. By reason of the acts of Defendants alleged herein, EMG has suffered damage in an amount to be proved at trial.

36. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## **JURY DEMAND**

37. EMG demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, EMG prays for relief as follows:

  A. For an order finding that the '497, '698, and '196 patents are valid and enforceable;

  B. For an order finding that Defendants have infringed the '497, '698, and '196 patents directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

  C. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '497, '698, and '196 patents directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

  D. For an order directing Defendants to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

  E. For an order awarding EMG general and/or specific damages adequate to compensate EMG for the infringement by Defendants, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of the profits or gains of any kind made by Defendants from its acts of patent infringement;

  F. For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

  G. For an order requiring an accounting of the damages to which EMG is found to be entitled;

  H. For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

  I.  For an order awarding EMG its costs of court; and

  J.  For an order awarding EMG such other and further relief as the Court deems just and proper.

DATED:  August 29, 2014

**OF COUNSEL:**

Jeffer Mangels Butler and Mitchell, LLP

 Stanley M. Gibson
 (Cal. Bar No. 162329)
 *smg@jmbm.com*

 Gregory S. Cordrey
 (Cal. Bar No. 190144)
 *gxc@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Respectfully Submitted,

By: /s/ Charles Ainsworth
Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

ATTORNEYS FOR PLAINTIFF
EMG TECHNOLOGY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 29th of August, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

      /s/ *Charles Ainsworth*
      CHARLES AINSWORTH