**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMICA MUTUAL INSURANCE<br>COMPANY, ET AL.,<br><br>　　　　Defendants. | Civil Action No. 6:14-CV-00094-MHS<br><br>Jury Trial Demanded<br><br>Lead Case |
| EMG TECHNOLOGY, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TEACHERS INSURANCE AND ANNUITY<br>ASSOCIATION – COLLEGE RETIREMENT<br>EQUITIES FUND,<br><br>　　　　Defendant. | Civil Action No. 6:14-CV-00647<br><br>Jury Trial Demanded |

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA –**
**COLLEGE RETIREMENT EQUITIES FUND'S ANSWER AND COUNTERCLAIMS**
**TO EMG'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Teachers Insurance and Annuity Association of America – College Retirement

Equities Fund ("TIAA-CREF") files its Answer and Counterclaims to Plaintiff EMG

Technology, LLC's ("EMG") Complaint for Patent Infringement ("Complaint").[1]  TIAA-CREF

denies the allegations and characterizations in EMG's Complaint unless expressly admitted in

the following paragraphs:

**JURISDICTION AND VENUE**

---

[1] TIAA-CREF is not a separate legal entity, and the acronym TIAA-CREF is a trade name under which various
TIAA- and CREF-affiliated entities do business.

1.      TIAA-CREF admits that EMG alleges an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.  Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 1.

2.      TIAA-CREF admits that this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 2.

3.      TIAA-CREF admits the Court has personal jurisdiction over TIAA-CREF and admits it has transacted business in the Eastern District of Texas.  Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 3.

4.      TIAA-CREF admits that venue is proper in this district, but TIAA-CREF denies that venue is convenient in this district.  Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 4.

## PARTIES

5.      TIAA-CREF lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6.      TIAA-CREF admits that there are Internet website(s) related to its products and services.  Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 6.

7.      TIAA-CREF admits that it does business in this judicial district.  Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 7.

## PATENTS

8.      TIAA-CREF admits that United States Patent No. 6,600,497 (the "'497 Patent") is titled "Apparatus and Method to Navigate Interactive Television Using Unique Inputs with a

Remote Control."  TIAA-CREF admits that a copy of the '497 patent appears to be attached as Exhibit "A" to the Complaint and that copy shows that the patent was issued on July 29, 2003. Except as expressly admitted herein, TIAA-CREF lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

9.     TIAA-CREF admits that United States Patent No. 7,194,698 (the "'698 Patent") is titled "Method to Advertise and Search on Television for Web Content Using a Simplified Interface."  TIAA-CREF admits that a copy of the '698 patent appears to be attached as Exhibit "B" to the Complaint and that copy shows that the patent was issued on March 20, 2007. Except as expressly admitted herein, TIAA-CREF lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

10.    TIAA-CREF admits that United States Patent No. 7,441,196 (the "'196 Patent") is titled "Apparatus and Method of Manipulating a Region on a Wireless Devices Screen for Viewing, Zooming and Scrolling Internet Content."  TIAA-CREF admits that a copy of the '196 patent appears to be attached as Exhibit "C" to the Complaint and that copy shows that the patent was issued on October 21, 2008. Except as expressly admitted herein, TIAA-CREF lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11.    TIAA-CREF admits that an *Inter Partes* Reexamination Certificate, Number US 7,441,196 C1 appears to be attached to the Complaint as Exhibit "D," which appears to show that the United States Patent and Trademark Office issued an *Inter Partes* Reexamination Certificate, Number US 7,441,196 C1, on September 6, 2011.  Except as expressly admitted herein, TIAA-CREF lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

## FIRST [ALLEGED] CLAIM FOR RELIEF

### [Alleged] Infringement of the '497 Patent

12.     TIAA-CREF repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-11 of the Complaint.

13.     TIAA-CREF denies the allegations contained in Paragraph 13 of the Complaint.

14.     TIAA-CREF admits that it had actual knowledge of the '497 Patent as a result of the filing of the Complaint in this matter. Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 14.

15.     TIAA-CREF denies the allegations contained in Paragraph 15 of the Complaint.

16.     TIAA-CREF denies the allegations contained in Paragraph 16 of the Complaint.

17.     TIAA-CREF denies the allegations contained in Paragraph 17 of the Complaint.

18.     TIAA-CREF denies the allegations contained in Paragraph 18 of the Complaint.

## SECOND [ALLEGED] CLAIM FOR RELIEF

### [Alleged] Infringement of the '698 Patent

19.     TIAA-CREF repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-11 of the Complaint.

20.     TIAA-CREF denies the allegations contained in Paragraph 20 of the Complaint.

21.     TIAA-CREF admits that it had actual knowledge of the '698 Patent as a result of the filing of the Complaint in this matter. Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 21.

22.     TIAA-CREF denies the allegations contained in Paragraph 22 of the Complaint.

23.     TIAA-CREF denies the allegations contained in Paragraph 23 of the Complaint.

24.     TIAA-CREF denies the allegations contained in Paragraph 24 of the Complaint.

25.    TIAA-CREF denies the allegations contained in Paragraph 25 of the Complaint.

## THIRD [ALLEGED] CLAIM FOR RELIEF

### [Alleged] Infringement of the '196 Patent

26.    TIAA-CREF repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-11 of the Complaint.

27.    TIAA-CREF denies the allegations contained in Paragraph 27 of the Complaint.

28.    TIAA-CREF admits that it had actual knowledge of the '196 Patent as a result of the filing of the Complaint in this matter. Except as expressly admitted herein, TIAA-CREF denies each and every allegation of Paragraph 28.

29.    TIAA-CREF denies the allegations contained in Paragraph 29 of the Complaint.

30.    TIAA-CREF denies the allegations contained in Paragraph 30 of the Complaint.

31.    TIAA-CREF denies the allegations contained in Paragraph 31 of the Complaint.

32.    TIAA-CREF denies the allegations contained in Paragraph 32 of the Complaint.

33.    TIAA-CREF admits that EMG has made a demand for jury trial on all issues triable.

34.    TIAA-CREF requests that the Court deny all relief to EMG, including that requested by EMG in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

TIAA-CREF's Affirmative Defenses are listed below.  TIAA-CREF reserves the right to amend its Answer to add additional Affirmative Defenses, including additional instances of inequitable conduct, consistent with the facts discovered in the case.

### FIRST DEFENSE

35.    TIAA-CREF does not infringe and has not infringed any claim of U.S. Patent No.

6,600,497 (the "'497 Patent"), U.S. Patent No. 7,194,698 (the "'698 Patent"), or U.S. Patent No. 7,441,196 (the "'196 Patent") (collectively, the "Patents-in-Suit") under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

## SECOND DEFENSE

36.    The Patents-in-Suit are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

## THIRD DEFENSE

37.    Upon information and belief, EMG's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

## FOURTH DEFENSE

38.    To the extent that EMG asserts that TIAA-CREF indirectly infringes, either by contributory infringement or inducement of infringement, TIAA-CREF is not liable to EMG for any acts performed before TIAA-CREF allegedly knew that its actions would cause direct infringement.

## FIFTH DEFENSE

39.    EMG's attempted enforcement of the Patents-in-Suit against TIAA-CREF is barred by laches and estoppel.

## SIXTH DEFENSE

40.    By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the applications that matured into the Patents-in-Suit, as illustrated by their prosecution histories, EMG is estopped from asserting that TIAA-CREF has infringed

directly or indirectly, any claim of any of the Patents-in-Suit either, literally or under the doctrine of equivalents.

## SEVENTH DEFENSE

41.     EMG's patent infringement claims are barred, at least in part, by the time limitation on damages, 35 U.S.C. § 286.

## EIGHTH DEFENSE

42.     EMG is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## NINTH DEFENSE

43.     EMG's purported claims for damages and other relief resulting from TIAA-CREF's alleged infringement of claims of the '196 patent, which TIAA-CREF specifically denies, are barred for any period of time in which the '196 patent was not commonly owned with the '497 Patent (and/or the applications leading to U.S. Patent No. 7,020,845 and the '497 Patent) because the '196 patent was unenforceable for any such period of time.

## TENTH DEFENSE

44.     EMG's purported claims for damages and other relief resulting from alleged infringement of claims of the Patents-in-Suit as a result of TIAA-CREF's actions in conjunction with the actions of other parties, which TIAA-CREF specifically denies, are barred to the extent that those other parties are licensed to practice the claims of the Patents-in-Suit and/or are released from past claims of infringement of the claims of the Patents-in-Suit.

## ELEVENTH DEFENSE

45.     The claims of the '196 Patent are unenforceable as a result of inequitable conduct by Elliot Gottfurcht and EMG's attorney Scott McKeown during the reexamination of the '196

patent.   The inequitable conduct comprised intentional misrepresentations and/or omissions intended to deceive the United States Patent & Trademark Office ("PTO"), including without limitation the following:

46.   As described below, Mr. Gottfurcht and Mr. McKeown were associated with the prosecution of the '196 Patent reexamination proceedings.   Mr. Gottfurcht and Mr. McKeown thus owed a duty of candor and good faith under 37 C.F.R. § 1.56 to disclose to the PTO "all information known to that individual to be material to patentability."

47.   On July 29, 2010, the Examiner assigned to the '196 patent reexamination issued an "Action Closing Prosecution" rejecting all claims of the '196 patent as invalid on multiple independent grounds in view of eleven separate prior art references.   (July 29, 2010 Action Closing Prosecution, Reexamination Control No. 95/001,286, at 2-4).

48.   On August 30, 2011, Mr. McKeown petitioned the PTO to suspend 37 C.F.R. § 1.955, which prohibits Examiner interviews in *Inter Partes* reexamination proceedings, and requested EMG be granted an opportunity to interview the Examiner in order to "advance prosecution by providing an opportunity to exchange understandings with the examiner, in person, to resolve the differences in claim construction relative to the fair teachings of the prior art raised in the prosecution to date."   (Aug. 30, 2011 Petition for Interview under 37 C.F.R. § 1.183, Reexamination Control No. 95/001,286, at 2-4).

49.   On April 13, 2011, in response to Mr. McKeown's petition, the Examiner conducted an in-person interview with Mr. Gottfurcht and Mr. McKeown regarding the reexamination.   During the interview, the "Patent Owner gave a brief description of the invention.   Patent Owner then discussed the prior art and how it differed from the invention. Patent Owner agreed to amend each independent claim to more accurately reflect the invention

set forth in Column 1 Lines 42-49.  In short, Patent Owner agreed to amend the claims to reflect

that the sister site and/or web page are served to a user in response to the actuation of a hyperlink

present in the sister site and webpage."  (April 13, 2011 Ex Parte Reexamination Interview

Summary, Reexamination Control No. 95/001,286, at 2).

      50.     On April 18, 2011, in order to overcome the Examiner's continued rejection of

the '196 Patent, Mr. McKeown amended each and every claim to require "displaying a hyperlink

on the sister site to navigate to the web page, or displaying a hyperlink on the web page to

navigate to the sister site."  (Apr. 18, 2011 Amendment, Reexamination Control No. 95/001,286,

at 6-22).  In making the amendment, Mr. McKeown urged that the prior art did not "disclose or

suggest" such a hyperlink.  (*Id*. at 23).

      51.     In response, the Examiner allowed the '196 Patent but made clear that validity of

the '196 Patent was contingent upon the "hyperlink" limitation.  (June 28, 2011 Notice of Intent

to Issue Reexamination Certificate, Reexamination Control No. 95/001,286, at 4).

      52.     Despite the Examiner's clear reliance on the hyperlink limitation in finding the

new claims patentable, and despite representations that no prior art disclosed the hyperlink

limitation during the interview Mr. Gottfurcht and Mr. McKeown attended (see ¶ 49) as well as

Mr. McKeown's subsequent representations in the April 18, 2011 amendment (see ¶ 50), the use

of such a hyperlink was not novel.

      53.     On June 13, 2011, the defendants in *EMG Technology LLC v. The Goodyear Tire*

*& Rubber Company* (Case No. 6:12-cv-740) (the "Goodyear case") served their invalidity

contentions upon EMG.  The invalidity contentions specifically included prior art disclosing the

hyperlinking element including, for example, a prior art Sun Microsystems website from 1997

that explicitly disclosed this claim limitation (a website displaying a hyperlink to navigate to a sister site).

54.     Mr. McKeown was aware of prior art raised by the defendants in the Goodyear case and in *EMG Technology LLC v. Apple, Inc. et al.* (Case No. 6:08-cv-447-LED) (the "Apple case") and *EMG Technology LLC v. Microsoft Corp. et al.* (Case No. 6:09-cv-367-LED) (the "Microsoft case") litigations as demonstrated, for example, by Information Disclosure Statements (IDSs) he filed in the '196 patent reexamination proceeding on March 10, 2010 and August 4, 2010.  In these IDSs, Mr. McKeown disclosed to the PTO prior art cited by the defendants in the Apple case and the Microsoft case.  Mr. McKeown was therefore aware of his duty to monitor prior art disclosed to EMG in the context of litigation, and disclose all material prior art to the PTO.

55.     Mr. Gottfurcht was closely involved in the conduct of the Goodyear case as demonstrated, for example, by his personal attendance and direct participation in mediation, his attendance at telephonic discovery hearings, and his personal participation in settlement conferences.  Mr. Gottfurcht had similar close involvement in the Apple case and the Microsoft case.

56.     Based on their demonstrated participation in and knowledge of these previous litigations involving EMG and the patent-in-suit, TIAA-CREF alleges that Mr. McKeown and Mr. Gottfurcht became aware of the prior art disclosing the hyperlink limitation on or around June 13, 2011.

57.     Under PTO guidelines, information is considered material to patentability when it is not cumulative of information already of record and it "refutes, or is inconsistent with, a

position the applicant takes in opposing an argument of unpatentability relied on by the Office, or Asserting an argument of patentability." 37 C.F.R. § 1.56(b)(2).

58. The prior art disclosing the hyperlinking limitation, including, for example, the Sun Microsystems prior art, was not cumulative of prior art disclosed in the '196 patent reexamination proceedings.

59. The prior art disclosing the hyperlinking limitation, including, for example, the Sun Microsystems prior art, was material to patentability of the '196 patent because it was inconsistent with the positions Mr. Gottfurcht and Mr. McKeown took before the Examiner (described in ¶¶ 49-50 above) in opposing the Examiner's arguments set forth in the Action Closing Prosecution and in asserting an argument of patentability.

60. Despite the materiality of the prior art disclosing the hyperlinking limitation, including, for example, the Sun Microsystems prior art, neither Mr. Gottfurcht nor Mr. McKeown ever disclosed it to the PTO.

61. On September 6, 2011, the PTO issued the '196 Patent reexamination certificate, never having seen or considered key prior art, including the Sun Microsystems prior art.

62. Mr. Gottfurcht withheld the prior art disclosing the hyperlinking limitation to the reexamination proceedings, including, for example, the Sun Microsystems prior art, from the '196 patent reexamination proceeding with intent to deceive the PTO.

63. Mr. McKeown withheld the prior art disclosing the hyperlinking limitation to the reexamination proceedings, including, for example, the Sun Microsystems prior art, from the '196 patent reexamination proceeding with intent to deceive the PTO.

**TWELFTH DEFENSE**

11

64.     EMG's claims for damages for purported patent infringement are limited and/or barred by 35 U.S.C. §§ 252 and 307.

65.     EMG is barred from seeking damages or relief from by 35 U.S.C. § 307 and/or 35 U.S.C. § 252 for any acts that occurred prior to the issuance of *Inter Partes* Reexamination Certificate US 7,441,196 C1.

66.     EMG's purported claims for damages for any acts that occurred after the issuance of *Inter Partes* Reexamination Certificate US 7,441,196 C1 are limited and/or barred by the doctrine of intervening rights to the extent and under such terms as the Court deems equitable for the protection of investments made or business commenced before the issuance of *Inter Partes* Reexamination Certificate US 7,441,196 C1.

### Reservation of All Affirmative Defenses

67.     TIAA-CREF reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or may exist in the future based on discovery and further investigation in this case.

### COUNTERCLAIMS

### The Parties

1.     Counterclaim Plaintiff Teachers Insurance and Annuity Association of America ("TIAA") is is a joint stock life insurance company incorporated in New York with its principal place of business in New York. TIAA was founded in 1918 by the Carnegie Foundation for the Advancement of Teaching for the purpose of providing annuities and low-cost life insurance for college and university professors.   Counterclaim Plaintiff College Retirement Equities Fund ("CREF") is a not-for-profit membership corporation incorporated in New York with its

principal place of business in New York; it is also registered as an open-end management investment company under the Investment Company Act of 1940.

2.      On information and belief based solely on Paragraph 5 of the Complaint, Counterclaim Defendant EMG Technology, LLC ("EMG") is a California limited liability company, with its principal place of business located in Los Angeles, California.

## Jurisdiction

3.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
### (Declaratory Relief Regarding Non-Infringement of the '497 Patent)

5.      Based on EMG's filing of this action and TIAA-CREF's First Defense (which is incorporated herein by reference), an actual controversy has arisen and now exists between the parties as to whether TIAA-CREF infringes United States Patent No. 6,600,497 (the "'497 Patent").

6.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, TIAA-CREF requests a declaration by the Court that it does not infringe any claim of the '497 Patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

## COUNT II
### (Declaratory Relief Regarding Non-Infringement of the '698 Patent)

7.      Based on EMG's filing of this action and TIAA-CREF's First Defense (which is incorporated herein by reference), an actual controversy has arisen and now exists between the

parties as to whether TIAA-CREF infringes United States Patent No. 7,194,698 (the "'698 Patent").

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., TIAA-CREF requests a declaration by the Court that it does not infringe any claim of the '698 Patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

## COUNT III
### (Declaratory Relief Regarding Non-Infringement of the '196 Patent)

9.     Based on EMG's filing of this action and TIAA-CREF's First Defense (which is incorporated herein by reference), an actual controversy has arisen and now exists between the parties as to whether TIAA-CREF infringes United States Patent No. 7,441,196 (the "'196 Patent").

10.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., TIAA-CREF requests a declaration by the Court that it does not infringe any claim of the '196 Patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

## COUNT IV
### (Declaratory Relief Regarding Invalidity of the '497 Patent)

11.    Based on EMG's filing of this action and TIAA-CREF's Second Defense (which is incorporated herein by reference), an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '497 Patent.

12.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and 35 U.S.C. § 100 *et seq*., TIAA-CREF requests a declaration by the Court that the claims of the '497 Patent are invalid.

## COUNT V
### (Declaratory Relief Regarding Invalidity of the '698 Patent)

13.     Based on EMG's filing of this action and TIAA-CREF's Second Defense (which is incorporated herein by reference), an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '698 Patent.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and 35 U.S.C. § 100 *et seq*., TIAA-CREF requests a declaration by the Court that the claims of the '698 Patent are invalid.

## COUNT VI
### (Declaratory Relief Regarding Invalidity of the '196 Patent)

15.     Based on EMG's filing of this action and TIAA-CREF's Second Defense (which is incorporated herein by reference), an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '196 Patent.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and 35 U.S.C. § 100 *et seq*., TIAA-CREF requests a declaration by the Court that the claims of the '196 Patent are invalid.

## COUNT VII
### (Declaratory Relief Regarding Inequitable Conduct)

17.     Based on EMG's filing of this action and TIAA-CREF's Eleventh Defense (which is incorporated herein by reference), an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of the '196 Patent.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and 35 U.S.C. § 100 *et seq*., TIAA-CREF requests a declaration by the Court that the claims of the '196 Patent are unenforceable due to inequitable conduct.

## **PRAYER**

TIAA-CREF respectfully requests a judgment against EMG as follows:

A.     A declaration that each and all of the claims of the Patents-in-Suit are invalid and/or unenforceable;

B.     A declaration that TIAA-CREF does not infringe, under any theory, any valid claim of the Patents-in-Suit that is enforceable;

C.     A declaration that EMG take nothing by its Complaint;

D.     Judgment denying any preliminary or permanent injunctive relief in favor of EMG and against TIAA-CREF;

E.     Judgment against EMG and in favor of TIAA-CREF;

F.     Dismissal of the Complaint with prejudice;

G.     An award to TIAA-CREF of its costs and attorneys' fees incurred in this action; and

H.     Further relief as the Court may deem just and proper.

## **JURY DEMAND**

TIAA-CREF hereby demands trial by jury on all issues so triable.

Dated:  September 22, 2014               Respectfully submitted,

By:   */s/ Chad B. Walker*
      Neil J. McNabnay
      njm@fr.com
      Texas Bar No. 24002583
      Thomas M. Melsheimer
      txm@fr.com
      Texas Bar No. 13922550
      Chad B. Walker
      cbwalker@fr.com
      Texas Bar No. 24056484
      James Youngkwang Wang
      wang@fr.com
      Texas Bar No. 24084042
      Theresa M. Dawson
      tdawson@fr.com
      Texas Bar No. 24065128

**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**COUNSEL FOR DEFENDANT, TEACHERS INSURANCE AND ANNUITY ASSOCIATION – COLLEGE RETIREMENT EQUITITES FUND**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 22, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Chad B. Walker*
Chad B. Walker